WHITE *v.* STATE, 42 Miss. R., 635.

### GRAND LARCENY.

Where a person has been indicted for an offense, and before conviction is pardoned, he is not liable for the costs of court and witnesses' fees.

Error to Tippah circuit court. CLAYTON, J.

Samuel White, the plaintiff in error, was indicted in the court below for grand larceny. At the September term, 1868, he appeared and pleaded a pardon, granted May 4th, 1868, in bar of the indictment. On this plea the judgment of the court was "that defendant be discharged, and go hence without day, and.

that he pay the clerk, sheriff, and witnesses' costs, which have accrued in the case, and that execution issue therefor." To reverse this judgment a writ of error is prosecuted, and the error assigned here is that the court erred in rendering a judgment against plaintiff in error for court costs and witnesses' fees.

*J. W. Thompson*, for plaintiff in error.

In civil cases costs are not due until the final termination of the cause. Rev. Code, 150, art. 8. The law of costs shall not be interpreted as penal laws. The successful party shall recover costs, except in certain cases. There is no statute adjudging costs against an accused in cases like the one before the court. Rev. Code, 522, art. 255.

Plaintiff in error was pardoned before trial or conviction, even before plea, and relied alone on his plea of pardon. 1 Chitty Cr. Law, 382.

It is insisted that the officers of the court have a vested right to their fees, which cannot be affected by an executive pardon. In this state they have no such vested right until the final termination of the cause. Rev. Code, 150, art. 8.

Pardons are construed most favorable for the accused. 1 Chitty Cr. Law, 629, 632; 5 Coke, 49.

As to conclusiveness of a plea of pardon, see 2 Hale P. C., 391, 392; 1 Chitty Cr. Pl., 382; 3 Hawk. P. C., book 2, ch. 26, § 64.

*Jasper Myers*, attorney general,
Cited 4 Searg. & Rawle, 451.

SHACKELFORD, C. J.:

The plaintiff in error was indicted at the September term, 1866, of the Tippah circuit court, for robbery.

At the September term, 1868, of the said court, the plaintiff in error appeared, and was arraigned by the court, when he pleaded a pardon for the offense of which he stood charged in said indictment, and in bar of the same.

The pardon was under the great seal of the state, granted by B. G. Humphreys, governor of the state of Mississippi, dated on the 14th of May, 1868, and filed with the plea.

The language of the pardon is : " A full pardon for the crime wherewith he stands charged, and do authorize a dismissal of all proceedings against him on account thereof, and his discharge from custody."

The judgment of the court, after reciting the pardon, discharges the defendant, and orders " that he go hence without day," " and that the defendant pay the clerk, sheriff, and witnesses' costs, which have accrued in this case," etc .

This writ of error is prosecuted to reverse this judgment.

The only error complained of is the portion taxing the plaintiff in error with the costs of the case.

The court seemed to proceed upon the idea, either that the officers of court and the witnesses in the case had a vested right to the fees accrued in the case before the plea of pardon, or that by the production of the pardon it contained the evidence of his guilt, from the fact of his refusal to be tried under the indictment, and procurement of the pardon ; and that for these reasons he should be taxed with the costs up to the time of the filing of his plea.

There could be no question as to the liability of the plaintiff in error for the costs if he had been convicted by a jury, and he had pleaded it in bar of the execution of the sentence.

It seems to us that the discharge by the court of plaintiff in error, after the hearing of his plea in bar, was equivalent to an acquittal by jury.

The position that the officers of the court have a vested right or lien for their costs as 'fast as they may accrue in a case, we do not think tenable. This could only be when one party or the other is bound for the costs, without any conditions of liability at the commencement of the suit, and which could not be avoided by any result in the case.

In the case before us, under the practice in our circuit courts, the question of liability for costs had to await the determination of the case, they having adopted the rule laid down in our Code, p. 150, art. 8, regulating the practice in civil suits, where it is held that costs accruing upon suits in any of the courts of this state shall not be due until the final determination of said suits,

and then shall be adjudged to the successful party, and collected by execution out of the party losing the case.

In the case before us, the plaintiff in error did not lose his case; if he had committed the offense charged in the indictment, he had a pardon for it; his plea in bar was sustained by the court, by which the state was defeated. A discharge under this plea of pardon did not place the question of liability for costs in a different attitude than a discharge under any other plea in bar to the indictment would have placed him.

There being no statute in this state prescribing any rule in criminal cases for the taxation of costs, the circuit courts had necessarily to adopt the same rule in criminal cases as established in civil cases. Under Art. 8, p. 150, of the Rev. Code, the reasons for the adoption or enactment of Art. 8, referred to, necessitated the adoption of a similar rule in the adjudication of costs in state cases.

The decision in the case before us is a departure from the rule universally adopted by the circuit courts, and acted upon by them in state cases in this state, and in most of the states of the Union.

The reasons for the ruling of the judge who tried the case at bar, ordering the plaintiff in error to pay the costs in the case, we can only conjecture.

Under any view of the case taken by the judge below, we think he misapprehended the law, and the judgment should be reversed, and that the proper judgment should be entered in this court, releasing the plaintiff in error from all liability for the costs adjudged against him in the court below.