27   469
f 84   479

STATE v. CARSON.

PARDON—*Will not restore to office*—C. while holding the office of probate and
county judge, was convicted in the Circuit Court of a felony; he appealed;
during the pendency of the appeal he was pardoned by the Governor.. On
*quo warranto*, he pleaded his pardon; *Held*, That a judicial officer forfeits
his office by conviction of a felony and that no pardon can restore him.

QUO WARRANTO.

*Montgomery, Attorney General,* for the State.

Persons convicted of malfeasance in office, or crimes pun-
ishable by law with imprisonment in the penitentiary, cannot
hold office in this State. *Constitution, 5th clause, Sec. 3, of
Art.* 8; *Sec.* 4, *page* 383 *Gould's Digest.*

Every attempt to exercise the functions of an office, after
conviction, is an usurpation. *The Commonwealth vs. Fugate,*
*2 Leigh (Va. R.)* 724, *and cases there cited.*

A pardon does not restore offices forfeited, or property, or

interests vested in others, in consequence of the conviction and judgment. *Ex parte Garland,* 4 *Wallace,* 333, *and cases there cited.*

*U. M. Rose,* for Defendant.

McClure, C. J.—Carson was probate and county judge of Craighead county, and, prior to the filing of the information, was convicted of a felony, and sentenced to confinement in the penitentiary. From the judgment of the Circuit Court he appealed to this court. During the pendency of the cause in this court, Carson obtained a pardon from the Governor, and pleaded the same in bar to the suit then pending. The Attorney General confessed the pardon and its truth, and Carson was discharged.

After these proceedings were had, Carson returned to his home and continued to exercise the duties and functions of the office of probate and county judge, whereupon the Attorney General filed *quo warranto.*

To the writ of *quo warranto,* the defendant pleaded his commission and qualification. To this plea the Attorney General responded, that since the issuing of the commission and qualification, as alleged, the defendant had been convicted of a felony, which judgment has not been reversed. To this reply the defendant filed two pleas.

*First.* " That he was not indicted and convicted in manner and form as therein stated, and of this he puts himself on the country, etc.

*Second.* That after the time of said supposed conviction, to wit: on the 12th day of December, 1870, the Governor of Arkansas issued and granted unto the defendant, under the seal and in due form of law, a full pardon for the said offense, etc.

The Attorney General moved to strike the first plea from the files for the reason that it raised an issue of fact, and was not sworn to. This motion was overruled.

To the second plea, the Attorney General demurred on the

ground that the facts stated in the plea do not contain facts sufficient to constitute a defense.

We will dispose of the question of law presented by the demurrer, before discussing the question of fact.

*Section* 3, *Article VIII*, of the Constitution of this State, among other things, declares that "those who have been convicted of treason, embezzlement of public funds, malfeasance in office, crimes punishable by law with imprisonment in the penitentiary, or bribery, shall not be permitted to register, or vote or hold office."

*Section* 4, *of part X, of Gould's Digest* (383) is as follows: "Every person convicted of bribery or felony, shall be excluded from every office of trust or profit, and from the right of suffrage in this State."

*Section* 9, *of Article VI*, of the Constitution, gives the Governor power to grant reprieves, pardons and commutations *after* conviction.

The question now arises, does the Governor's pardon restore the office of probate and county judge to Carson, or does it only restore him to certain *civil* rights? In *ex parte, Garland* (4 *Wall*, 381) the Supreme Court of the United States, in speaking of the effect of a pardon said: "It does not restore to offices *forfeited*, or property or interests vested in others, in consequence of the conviction and judgment." 4 *Blackstone's Commentaries*, 402; 7 *Bacon's Abridgement Title, Pardon.*

In this case there was a trial, verdict and sentence. The appeal did not *set aside* the judgment of the Circuit Court, it merely *suspended* judgment, or rather, the execution of the judgment. *Section* 327, *Criminal Code, page* 329.

One of two things must be true in this case, either that Carson was tried, convicted and sentenced to the penitentiary, or that the Governor had no right to pardon him. The power of the Governor to pardon, by the terms of the Constitution, is limited to cases *after conviction*. If an examination of the record, in the Circuit Court of Craighead county, in the case of the State against this defendant, should dis-

close the fact that no conviction was had, then the pardon which he pleaded when the case was here on appeal, and the one which he now pleads is a nullity, having been granted *before conviction*. *State vs. McIntire*, 1 *Jones Law* (*N. C.*) 1.

On the other hand, if it appears that a conviction took place *before* pardon, then it clearly follows, that the defendant cannot assume to exercise the functions and duties of the office of county and probate judge. In the case of the *Commonwealth vs. Fugate*, (2 *Leigh. Va.*, 724) a justice of the peace was convicted of a felony, and afterwards pardoned by the Governor. On his return home, he resumed the exercise of the office of justice of the peace. A rule was made upon him to show cause why an information, in the nature of *quo warranto*, should not be filed against him, etc. To the rule, he pleaded his commission, qualification and pardon, as is done in this case. In disposing of the case Brockenbrough, J., said: "The court is decidedly of opinion that such judicial officer forfeits his office by conviction of a felony, and that no pardon can restore him."

This case is very analagous to the one at bar, the only difference being that no appeal was taken. Carson was either convicted or he was not convicted. Instead of combating his case upon its merits in this court, he relied upon his pardon, and was allowed to depart from it—not upon a judgment of acquittal, but by the terms of a pardon, by which his guilt and conviction had to be acknowledged before it could be obtained. The pleading the pardon was a virtual abandonment of the appeal, and Carson now stands in no better light before the court than though he had not appealed.

The pleas in this case are contradictory; the first denies conviction, and the second pleads he was pardoned; but inasmuch as the demurrer to the second plea is well taken, we will pass to the first without comment.

With the papers submitted in this case, is a certified transcript record of the case of the *State of Arkansas vs. James Carson*, which clearly shows Carson to have been convicted

of a felony and sentenced to the penitentiary. The judgment and sentence of the Craighead Circuit Court has not been set aside. The record showing a conviction, it is incumbent on the defendant to rid himself of the record or accept the consequences which follow its introduction as evidence.

The defendant having failed to show a continuing right to exercise the office of probate and county judge, a judgment of ouster will be entered.