## EX PARTE STEPHEN GREGORY.

HABEAS CORPUS. *Pardon. Costs. Imprisonment for debt.*
     A pardoned convict cannot be held in confinement to compel payment of the costs adjudged against him.

APPEAL from the decision of Hon. LAFAYETTE HAUGHTON, Chancellor of the First Judicial District, on *habeas corpus.*

The case is stated in the opinion of the court.

*T. J. Buchanan, Jr.*, for the appellant.

1. An unconditional pardon, like the one in the case at bar, absolves the convict from all the consequences of guilt, except that it cannot divest private rights which have vested. 1 Bishop's Cr. Law, 762 ; 1 Arch. Cr. Law, 378 ; *Thomas* v. *Sorrell*, Vaugh. 330, 333 ; *Hall* v. *Vaughan*, 5 Co. 49 a.

2. To release the relator will not divest the rights of the parties to whom the costs are due. They have their remedy by suit for the debt. 1 Bishop's Cr. Law, sect. 214 ; 6 Pick. 501. But to retain him in custody is imprisonment for debt, prohibited by the Constitution of Mississippi, art. 1, sects. 11, 19.

*T. C. Catchings*, Attorney-General, *contra*.

Chalmers, J., delivered the opinion of the court.

The relator was convicted of petit larceny, and sentenced to twelve months' imprisonment in the county jail, and to pay the costs. He was granted an unconditional pardon by the governor during the term of his imprisonment ; but the sheriff having ·refused to release him without payment of the costs, which were due to the officers of the court, the district attorney, and the witnesses, he brought this writ of *habeas corpus* to acquire his liberty. The question presented is, whether a pardoned convict can be held in confinement in order to compel payment of the costs adjudged against him.

We answer the question in the negative.

Where the pardon is granted before conviction, no judgment for costs can be rendered against the party. *White* v. *The State*, 42 Miss. 635. Where it is granted after conviction, and after rendition of judgment for costs, the pardon does not extinguish the civil liability for the costs ; because it is uniformly held, both in England and America, that the pardoning power does not extend to the remission, after judgment, of any pecuniary penalty which has enured to private persons or public officers, and hence that execution may be levied on the property of the party, notwithstanding the pardon. *The State* v. *Farley*, 8 Blackf. 229 ; *Edwards* v. *The State*, 7

Eng. 122; *The State* v. *McO'Blenis*, 6 Mo. 272; *Anglea* v. *The Commonwealth*, 10 Gratt. 696; *Cooke* v. *Hall*, 5 Co. 51; 2 Hawk. P. C. 546. But there can be no right in the officers or other persons to hold the party in confinement, because this would amount substantially to imprisonment for debt. The imprisonment is a part of the punishment, and is remitted by the pardon; but the judgment for costs is a debt which, while it cannot be extinguished by the governor, must be collected, like other judgments, after the term of imprisonment has expired, or been abrogated by executive clemency.

Judgment reversed, and relator discharged.