EX PARTE WILLIAM MEYER.

1. IMPRISONMENT FOR DEBT.  *Costs of prosecution.*
   Costs of criminal prosecutions are not debts within the meaning of that provision of the State Constitution (Const. art. 1, § 11) which prohibits imprisonment for debt; and the statute (Acts 1878, pp. 164, 169, § 12) which provides that convicts shall be held at labor until they pay them, is valid.

2. SAME.  *Costs of the defence.*
   The statute does not contemplate the detention of prisoners for the costs of their defence, but only for those of the prosecution.

APPEAL from the decision of Hon. E. G. Peyton, chancellor of the Ninth District of Mississippi, dismissing a writ of *habeas corpus*, and remanding the relator to custody.

*M. Green*, for the appellant.

The Constitution of Mississippi, art. 1, § 11, provides that there shall be no imprisonment for debt. The costs of a criminal prosecution are a debt within the provision, and are not part of the penalty. *State* v. *Kenny*, 1 Bailey (S. C.), 375; *State* v. *Sauvaine*, 14 Ind. 21; *Thompson* v. *State*, 16 Ind. 516. A pardon removes the penalty, *Jones* v. *Board of Registrars*, 56 Miss. 766; but cannot relieve from liability for the costs. *Edwards* v. *State*, 12 Ark. 122; *State* v. *Farley*, 8 Blackf. 229; *Hall's Case*, 5 Coke, 51; *Anglea* v. *Commonwealth*, 10 Gratt. 696; 2 Hawkins, P. C. 546; *Duncan* v. *Commonwealth*, 4 S. & R. 449. In *Ex parte Gregory*, 56 Miss. 164, this court held that, upon a pardon by the governor, the party could not be held for costs, on the ground that the judgment for costs is a debt, which may be collected, like other judgments, after the term of imprisonment has expired. There is, so far as the penalty is concerned, no difference between the pardon and the expiration of the sentence. The twelfth section of the act of 1878 is therefore unconstitutional.

*Shelton & Shelton*, for the appellee.

The constitutional provision relied on by the appellant was intended to apply to contract debts. It was directed against the old law whereby creditors confined their debtors, and was never designed to relieve from pecuniary liabilities and penalties arising from the commission of crimes. By Code 1871, § 2851, the costs of a prosecution are a debt, but the act of 1878 makes them also a part of the penalty. This court decided in *Ex parte Gregory*, 56 Miss. 164, that the governor's pardon could not relieve from the debt. But the vice of the argument for the appellant is in not distinguishing between the debt and the penalty. The fact that the prisoner, by serving a given time, has suffered part of the penalty for his crime, does not release him. The convict is not imprisoned because he owes the costs, but because he violated the law. That his labor is used as a means of paying the expenses of his conviction does not make it less a part of the

punishment. Legislative power to fix the punishment of crime is limited by Const. art. 1, § 8, alone. The Indiana decisions cited by opposing counsel have been overruled. *McCool* v. *State*, 23 Ind. 127 ; *Lower* v. *Wallick*, 25 Ind. 68. Where the penalty of an offence is a fine, it is the statutory law in most States that the convict may be imprisoned until it is paid. Code 1871, §§ 2811, 2839, would hardly be held unconstitutional. The Indiana cases sustain such laws ; and a fine is as much a debt as the costs of the prosecution.

CHALMERS, J., delivered the opinion of the court.

The relator having served out the term of his imprisonment in the State penitentiary brings this writ of *habeas corpus* to regain his liberty, of which he alleges that he is illegally deprived by the superintendent of that institution. The superintendent answers that the relator has not paid the costs of prosecution adjudged against him at the time of his conviction, and that, therefore, he is detained in accordance with the twelfth section of " An Act to Reduce the Judiciary Expenses in this State," (Acts 1878, p. 164), until he shall by his labor, at an allowance of twenty-five cents per day, have liquidated said cost-bill which, as appears by the answer, amounts to fifty-nine dollars.

The relator contends that the twelfth section of said act, as well as all other parts of it which contemplate the detention of convicts in confinement until by their labor they shall have worked out the costs adjudged against them, is unconstitutional because in violation of the prohibition against imprisonment for debt. The sole question presented, therefore, is, whether costs adjudged against the defendant in a criminal prosecution are debts within the meaning of the constitutional provision. It is quite evident that the word " debt " in this connection is not used in its widest scope, as embracing every pecuniary liability or obligation which may by law be devolved upon the citizen, since it would in such a sense forbid imprisonment as a means of compelling the payment of fines, whether imposed for contempt of judicial process, or as a punishment for crime. Although such imprisonments are universal, it has never been supposed that they infringed at all upon the constitutional

provision in question.   We think the debts which the framers of the Constitution had in view were those springing from the contracts of the party, express or implied, or the liabilities which the law imposes upon him for his tortious acts to another, and are wholly disconnected from the penalties incurred by violations of the criminal law.   But if the provision affords no protection against a fine, how can it shield against the costs which the State is compelled to incur in effecting his conviction?

By his criminal act, the convict has at once subjected himself to the imposition of the penalty, and compelled the State to incur costs in having him adjudged guilty.   If, in cases where the penalty is pecuniary in its character, the constitutional provision does not protect from imprisonment to make it effective, it is impossible to see how the costs incurred by the State in the prosecution stand upon any different footing. They are no more a debt due the State than the fine is, and all will agree that confinement, in order to compel payment of the latter, is not imprisonment for debt, but merely a punishment for crime in one of its most effective methods.   The fine is imposed, not because the offender owes the State money, but as a punishment to him and a determent to others.   The costs incurred by the State in bringing the criminal to justice may well be annexed to the punishment, as being consequent upon the crime, and essential to its development.   *McCool* v. *State*, 23 Ind. 127 ; *Lower* v. *Wallick*, 25 Ind. 68.

It is insisted that this view conflicts with the utterances of this court in *Ex parte Gregory*, 56 Miss. 164, in which it was held that a pardoned convict could not be held in custody for the unpaid costs of the prosecution.   That case arose previous to the act of 1878, by which it was for the first time enacted that the convict should be held until he worked out the costs,— the effect of which was to make the manual labor a part of the punishment.   Whether, since that act, an executive pardon would not release from confinement and from labor, and leave the State and the officers of court to collect the costs as other judgments are collected, it is not now necessary to decide.

The statute does not contemplate that the convict shall be held for any portion of the costs incurred by himself in his

defence, either those due to the officers of court or to his own witnesses. It is only for the costs of the prosecution, that is to say, those incurred in issuing, executing, and obeying the process of the State, and the fees of the prosecuting attorney, that he is to be held to labor. It might indeed admit of serious question whether he could be held for his own costs, since these perhaps would be embraced within the word " debt " as used in the Constitution. It does not appear from the cost-bill filed with the respondent's answer whether the relator in this case is held for any of the costs incurred by himself in his defence or not. He will be entitled to his discharge when he shall have worked out those incurred by the prosecution.                                        *Judgment affirmed.*