### H. L. PHILLIPS *v.* THE STATE.

CRIMINAL LAW. *Appeal-bond. Pardon. Effect as to costs.*

Where an appellant in a criminal case, who has given a bond to supersede the judgment fixing his punishment and taxing him with the costs of the prosecution, is pardoned by the governor, the pardon does not release him from his civil liability on the *supersedeas*-bond; and if he fails to prosecute his appeal, this court, upon motion of the State, supported by the proper showing, will render judgment against such appellant and his sureties, on the appeal-bond, for the costs in this court and in the court below.

MOTION in Supreme Court.

The object and the ground of the motion are stated in the opinion of the court.

*T. C. Catchings*, Attorney-General, for the motion, made an oral argument, and submitted the case without filing a brief.

*M. Green, contra.*

I submit that this motion cannot be entertained. The offence against the State has been pardoned, and this entirely effaced the penalty and the guilt. *Jones* v. *Board of Registration*, 56 Miss. 768. The offender is as innocent in the eye of the law as if he had never committed any offence. *Jones* v. *Board of Registration*, 56 Miss. 769.

COOPER, J., delivered the opinion of the court.

Appellant was convicted of manslaughter, and from the judgment condemning him to imprisonment in the penitentiary, and to pay the costs of the prosecution, he appealed, executing a *supersedeas*-bond in accordance with the statute.

Pending the appeal he has been pardoned, and having now failed to file the record from the court below, a motion is made by the State to docket and dismiss the appeal for want of prosecution thereof, and for a judgment on the appeal-bond for the costs in the court below and in this court. The appellant resists this motion, urging that the pardon has wiped out the offence, and hence there can now be no judgment here affirming the judgment of the court below; and, therefore, while it may be in the power of the court to dismiss the appeal and discharge the *supersedeas*, so that execution may issue on the original judgment, there can be no judgment here on the bond.

The fact that appellant has been pardoned since the appeal was taken does not release him from the payment of the costs of the prosecution which had previously been adjudged against him. He cannot be held in custody for the payment of the costs, but his civil liability is not extinguished. *Ex parte Gregory*, 56 Miss. 164. The appeal has superseded the judgment of the court below, both for the payment of the costs and the infliction of the imprisonment. The punishment of imprisonment is abrogated by the pardon; but as the appeal is not successfully prosecuted as to the judgment for costs, the appellant and the sureties on his appeal-bond are still liable therefor. "If the offence be pardoned after costs taxed, and then the defendant appeal to a superior court, which gives new costs, whether upon affirmance or reversal of the first sentence, they shall not be avoided by reason of the pardon, because they are not given in respect of the offence, but of the award of former costs, which, being taxed before the pardon, are not avoided by it; and therefore the appeal was proper for determining whether they were well given or not." 2 Hawk. P. C. 546, sect. 43.

The motion to docket and dismiss is sustained. Judgment will be entered here against the appellant and the sureties on his appeal-bond for the costs in this court and in the court below.