61 17
f 84 475

## *Ex parte* PURCELL.

Opinion delivered June 22, 1895.

PARDON—REMISSION OF FINE—EFFECT AS TO COSTS.—A free and full remission by the governor of and from payment of a fine imposed on a misdemeanant exonerates him from the payment of the fine proper, and takes away the criminal character of the judgment for costs, and such judgment cannot be enforced by imprisonment, although his civil liability therefor remains.

Certiorari to Jefferson Chancery Court.

JAMES F. ROBINSON, Chancellor.

*H. King White* and *D. H. Rousseau* for petitioner.

When a defendant has been pardoned for a misdemeanor, he cannot be imprisoned for costs. ·56 Miss. 164 ; 12 Ark. 122 ; S. & H. Dig. sec. 896 ; 46 Ark. 137.

*E. B. Kinsworthy*, Attorney General, and *Smith C. Martin*, Prosecuting Attorney, for the State.

Cite *contra*, 17 Am. & Eng. Enc. Law ; 12 Ark. 122 ; 15 *id.* 129 ; 10 *id.* 284 ; 36 *id.* 74 ; 46 *id.* 137. In 12 Ark. 122, it was held that the governor could not pardon or remit costs. Our statutes provide expressly that a party convicted of a misdemeanor may be imprisoned for the costs. Sand. & H. Dig. secs. 896, 921.

BUNN, C. J. This is a petition for a writ of habeas corpus, originally presented to the Hon. James F. Robinson, chancellor of the second chancery district, and from his judgment of refusal to grant the same is appealed to this court, the record and all formal matters being properly presented.

The petitioner, S. G. Purcell, was indicted in the Jefferson circuit court for making an assault with a deadly weapon, was tried and convicted of a simple assault, and fined fifty dollars, and judgment rendered

to the effect that he "remain in the custody until fine and costs are paid." On his application, the governor of the State, on the 17th day of May, 1895, remitted the fine aforesaid, and the language employed is as follows, to-wit: "I, James P. Clarke, governor of Arkansas, do hereby grant to the said S. G. Purcell a free and full remission of, for and from payment of fifty dollars of the said judgment rendered as aforesaid, and hereby absolving him from the payment of the said sum of fifty dollars of the said judgment, and all the effects and consequences thereof."

Subsequently, the clerk of said circuit court issued his execution for the collection of the costs, as is provided in criminal cases, and placed the same in the hands of the sheriff of said county, and he thereupon arrested the petitioner, and placed him in jail, in accordance with the judgment of the circuit court and said execution issued thereon. Thereupon the petition herein was filed, and the same was heard and refused, as aforesaid.

A correct determination of the question involved in this proceeding depends upon a proper construction of the law defining the pardoning power of the executive, and of the language employed in the grant of the pardon itself. Section 18, article 6, of the constitution provides that "in all criminal and penal cases, except in those of treason and impeachment, the governor shall have power to grant reprieves, commutations of sentence, and pardons after conviction; and to remit fines and forfeitures, under such rules and regulations as shall be prescribed by law."

In *Baldwin* v. *Scoggin*, 15 Ark. 427, it is held that the power of the governor to remit fines exists even without an act of the legislature prescribing the method of doing so, and he can remit a fine even when the legislature has directed that it be paid into the county

treasury for the use of the common school fund, when collected.   But in *Edwards* v. *State*, 12 Ark. 122, which was a felony, this court said :   "Costs are neither fines nor forfeitures, nor are they imposed by way of punishment, or as amercement at common law, but by way of sequence to every judgment, whether in a civil or criminal case, as a matter of common justice to the party complainant, witnesses and officers of court, although the judgment is in favor of complainant alone.   Costs, then, partaking in no respect of the nature either of punishment or of guilt, are without the sphere of the legitimate legal operation of a pardon, however general in terms."   And upon this reasoning this court in that case held that a "general pardon from the governor does not discharge the criminal from the costs of the prosecution."

It is contended by the petitioner's counsel herein that there is a difference between felonies and misdemeanors in this respect, since, by section 896 of Sand. & H. Digest, the misdemeanant is imprisoned for the costs as well as for the fine.   There is force in the suggestion, and yet it may be suggested on the other hand that persons interested in the costs have no vested right in the criminal remedy for their collection, or in the imposition of the penalty for failing to pay them.

Besides, it appears that one of the reasons why a general pardon cannot exonerate the criminal from the payment of costs is that they go and belong to individuals, and not the public.   Logically, then, a general pardon extends to all of the judgment that the public has an interest in, but not to that part in which individuals only are interested.

Upon reason, then, we think a general pardon exonerates from the payment of the fine proper, because that is a public concern, and for the same reason it takes away the criminal character of the judgment for the

costs—the imprisonment part—leaving the civil obligation still resting upon the delinquent to be enforced as other civil obligations. In this view we are supported by the case of *Ex parte Gregory*, 56 Miss. 164, in which the supreme court of Mississippi, by Judge Chalmers, said: "When the pardon is granted before conviction, no judgment for costs can be rendered against the party. When it is granted after conviction, and after rendition of judgment for costs, the pardon does not extinguish the civil liability for costs; because it is uniformly held, both in England and America, that the pardoning power does not extend to the remission, after judgment, of any pecuniary penalty which has inured to private persons or public officers, and hence that execution may be levied on the property of the party, notwithstanding the pardon. But there can be no right in the officers or other persons to hold the party in confinement, because this would amount substantially to imprisonment for debt. The imprisonment is part of the punishment, and is remitted by the pardon; but the judgment for the costs is a debt, which, while it cannot be extinguished by the governor, must be collected, like other judgments, after the term of imprisonment has expired, or been abrogated by executive clemency." That was a case of imprisonment in the county jail, and to pay costs.

It remains now to construe the language of the pardon, as granted above.

Since the remission is as to the payment of fifty dollars—the exact amount of the fine—it is evident that the language of the pardon, in that respect, is the same as if the fine had been in terms remitted. Again, the words, "and all the effects and consequences thereof," plainly have reference, not merely to the sum remitted, for there could be no effects and consequences of a something so passive, but to the judgment in the case, and

one of the effects and consequences of it is the imprison-
ment not only for the remitted fine, but also for the
costs, and the petitioner was relieved from the criminal
effect and consequence of the judgment. Upon the
whole, this amounts to a general pardon.

We conclude, therefore, that the chancellor erred
in refusing the relief asked for, and the petitioner will
be discharged from custody.