## HERRN v. SHARP COUNTY.

Opinion delivered December 3. 1906.

PROSECUTING ATTORNEY—FEES.—A prosecuting attorney is not entitled to
a commission on money collected during his term of office upon a
judgment rendered on a forfeited bail bond during the term of his
predecessor.

Appeal from Sharp Circuit Court; *John W. Meek,* Judge;
affirmed.

Claim of Thos. I. Herrn, prosecuting attorney, against the
county of Sharp for commissions on amount collected on a judg-
ment rendered upon a forfeited bail bond.   The circuit court on
appeal from the county court refused to allow the claim, and the
claimant appealed.

*John B. McCaleb* and *Wright & Reeder,* for appellant.

Prosecuting attorneys "shall be allowed ten per cent. of the
amount on forfeited bail bonds and recognizances."  Kirby's
Digest, § 3488.  But this does not authorize payment of the per
cent. to the prosecuting attorney upon his procuring judgment
It can properly be allowed only upon collection, and should be
paid to the officer effecting the collection.

It is proper, in construing the above subdivision, of the
statute, to seek for the legislative intent in the whole section.   2
Lewis' Suth. Stat. Const. § 368.  It appears, by construing the
above provision with the first sub-division of the section, that it
was their intention that the presecuting attorney obtaining the
judgment should be allowed a fee of five dollars therefor, and
that he, or his successor, should be entitled to ten per cent. of
whatever amount of the judgment he might collect or cause to
be collected.   32 Ky. 326; 74 Ind. 415.   See also 72 N. Y. St.
219; 38 La. Ann. 741; 15 How. (U. S.) 421.

McCULLOCH, J.  The question presented here is whether or
not a prosecuting attorney is entitled to a commission on money
collected during his term of office on a judgment rendered during
the term of his predecessor upon a forfeited bail bond.   It is
provided by law that prosecuting attorneys shall receive a salary
of two hundred dollars per annum (Kirby's Digest, § 7374)

and in addition thereto the fees enumerated in the following section of the statutes, viz.:

"Sec. 3488.   Prosecuting attorneys, when present and prosecuting cases, either in person or by his deputy in justice court.

| | |
|---|---|
| For each judgment obtained on complaint, information or otherwise, in the name of the State or any county.....$ | 5.00 |
| For each conviction or indictment, presentment or information for misdemeanor or breach of the peace.. | 10.00 |
| For each conviction in cases of gambling............ | 25.00 |
| For each conviction on indictment for any felony, not capital ...................................... | 25.00 |
| For each conviction of homicide, other than capital...... | 35.00 |
| For each conviction in capital cases.................. | 75.00 |

"They shall be allowed ten per cent. of the amount on forfeited bail bonds and recognizances.

"Prosecuting attorneys shall be entitled to the same fees for prosecuting in cases of misdemeanors before justices of the peace as in the circuit court." Act February 25, 1875, sec. 4, as amended by act of December 13, 1875, and act March 13, 1893.

Now it is obvious that it was the intention of the lawmakers that a prosecuting attorney should receive a stated salary to be paid by the State, and fees which should be earned according to the schedule prescribed in the section just quoted. His compensation, aside from the salary, is based entirely upon what he should earn. He is not a collecting officer, and therefore not entitled to commissions on collections. The commission on forfeited bail bonds and recognizances is allowed as compensation for services performed in obtaining the judgment on the forfeiture. For this service he is to receive $5.00 upon rendition of the judgment and a commission of ten per cent. upon the amount collected. The commission is earned when the judgment is rendered on condition that the amount shall be finally collected, and is payable only as the judgment is collected.

It follows that he is not entitled to commission on a judgment obtained for the State by his predecessor. Any other construction of the statute would give him fees which he does not earn—a mere gratuity—which is evidently not contemplated by the statute according to any reasonable interpretation.

Judgment affirmed.

HILL, C. J., (dissenting.) The fee should follow the office. The statute contemplates and provides for a fee to the prosecuting attorney when he secures a judgment and another when that judgment is collected. The fee is a perquisite of the office and a method of recompensing the officer for his public services, and inheres to the office and not to the officer.

Mr. Justice WOOD, concurs in this dissent.