COLE v. STATE.

Opinion delivered December 9, 1907.

1. PARDON—PENDING APPEAL.—Under art. 6, § 18, Const. 1874, impowering the Governor to grant pardons after conviction, the Governor may pardon a person convicted of crime while his case is pending in the Supreme Court on appeal. (Page 474.)

2. SAME—EFFECT ON COSTS.—While a pardon of one convicted of a misdemeanor and fined absolves him from payment of the fine and takes

away the criminal character of the judgment for costs, preventing their collection through imprisonment, it leaves in force the judgment for costs, to be collected as a civil debt. (Page 474.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; appeal dismissed.

*Sam Edmonson* and *Rowe & Rowe,* for appellant.

The Governor has the right of pardon pending an appeal. 27 Ark. 469; 76 N. C. 231, 22 Am. Rep. 675; 27 Am. & Eng. Enc. Law, 323 and note. An appellant can always dismiss his appeal before final judgment with or without a reason.

*William F. Kirby,* Attorney General, and *A. A. McDonald,* Prosecuting Attorney, for appellee.

PER CURIAM. Cole was convicted in the Fort Smith District of Sebastian County for the crime of Sabbath breaking, and fined $50, and has appealed. While his appeal was pending in this court, the Acting Governor issued him a pardon, which appears to be in the usual form, pardoning and absolving him from the said judgment and from the effects and consequences thereof.

Appellant thereafter filed a motion, exhibiting said pardon in court, praying that his appeal be dismissed, and that judgment be rendered against the State for the cost of the briefs.

The Constitution gives the Governor the power "to grant reprieves, commutations of sentence and pardons after conviction; and to remit fines and forfeitures under such rules and regulations as shall be prescribed by law." Section 18, art. 6, Constitution. It has been questioned whether, when a case is pending in an appellate court on appeal, the Governor has a right, in advance of the final decision, to issue a pardon. An appeal to this court only suspends, and does not vacate, a judgment of conviction, and it cannot be said that the Governor has not the power, if he sees fit to exercise it, to pardon a criminal while the case is pending a final determination in the Supreme Court. Authority for it may be found in *State* v. *Alexander,* 76 N. C. 231, s. c. 22 Am. Rep. 675; *State* v. *Carson,* 27 Ark. 469.

The only other matter in the case is the effect of the pardon; and this was settled by the decision of this court in Ex

parte *Purcell,* 61 Ark. 17. Briefly stated, this pardon absolves Cole from the payment of the fine to the State, and takes away the criminal character of the judgment for costs, preventing its collection through imprisonment, but leaves in force the judgment of costs to be collected as a civil debt, and not subject to be enforced by imprisonment on default of payment.

The order of the court is that the appeal be dismissed at the cost of the appellant, and that the judgment of the lower court, in so far as the costs are concerned, remain in force as a debt; its character as a criminal judgment has been taken away by the pardon.

Dismissed at the cost of the appellant.