STATE *v.* J. C. BURT.

[60 South. 773.]

COSTS.    *Criminal prosecution.    Liability of defendant.    Code* 1906, *section* 1516.

A defendant convicted of murder and sentenced to life imprisonment cannot be held liable for the cost of his prosecution, section 1516, Code 1906, not applying to such a case.

APPEAL from the circuit court of Forrest county.

HON. PAUL B. JOHNSON, Judge.

Suit by the state against J. C. Burt. From a judgment for defendant, the state appeals.

The facts are fully stated in the opinion of the court.

*Stevens, Stevens & Cook,* for appellant.

The language of sections 2172 of Code 1906 is significant, and shows clearly the legislative intent to require defendants in criminal cases to pay the costs. Section 2172 says "in cases of felony where the defendant is convicted and the costs cannot be made out of his estate." Section 2178 says "in cases of felony in which the defendant is convicted, but is unable to pay the costs." These statutes are simply taking care of the circuit clerks and sheriffs in cases where the costs cannot be made out of the convict's estate. By these sections the purpose of the law is shown to hold the convict and his estate first liable; and certainly the convict and his estate remain liable, even though the county has allowed these officers their yearly compensation after futile efforts to collect from convicts.

We respectfully submit that the judgment of the lower court should be reversed, and the demurrer overruled.

*D. E. Sullivan,* for appellee.

Section 261, Constitution of 1890, provides: "That the expenses of criminal prosecutions, except those before justices of the peace, shall be borne by the county in which such prosecutions shall be begun; and all net fines and forfeitures shall be paid into the treasury of such county. Defendants in cases of conviction may be taxed with the cost."

Here we have the fundamental law of the land making the county where a prosecution is begun liable for the cost of the prosecuting and giving that county the benefit of all net fines and forfeitures. And this same fundamental law also gives the court discretion in case of convictions for crimes to tax cost against the defendant. This section was not intended to give courts power in capital cases to tax cost against defendants when convicted, and if it was so intended, still it left the matter

in the discretion of the court; and in the case at bar the court exercised that discretion in favor of the defendant, and refused to tax him with the cost and that ended the matter.

Counsel for appellant practically conceded that there is no law for taking appellee with this cost unless section 1516, Code 1906, authorizes it. As already shown they attempt to evade the plain language of this section by construing it to apply only to capital felons whom the state is going to kill or has already killed. The section does not say that in all cases, except capital cases in which the state is going to execute the defendants, the defendants shall stand committed until fine, cost and jail fees be paid. No, it declares that in cases not capital the court shall order the convict committed, etc. What shall the court do in cases capital? Just what it did in the case at bar; it forebore to order the defendant, convicted of a case capital, to stand committed until the fine, costs and jail fees be paid.

I submit that the judgment of the circuit court in sustaining the demurrer to the declaration was correct and should be affirmed.

COOK, J., delivered the opinion of the court.

In the month of October, 1904, J. C. Burt was convicted of the crime of murder, and sentenced to the penitentiary for the term of his natural life. In the judgment entered by the court nothing is said about the costs. In 1911 the state, on the relation of the attorney-general, filed a personal action against the convict, seeking to recover a judgment for the costs incurred in the prosecution of the criminal case, which costs, it is said, were negligently or improvidently omitted in the judgment sentencing Burt to life imprisonment.

The legislature has the power, by proper enactment, to provide for a judgment in *personam* against a person convicted of a capital felony, whether the punish-

ment inflicted be death or life imprisonment in the penitentiary; but we have been unable to find an act of the legislature indicating that such was the purpose of the legislature. At common law such a judgment could not be entered against a convict in a criminal case, and in the absence of a statute we think the law contemplates that death on the gallows or life imprisonment is assuredly a sufficiently penalty for any crime, however atrocious it may be.

Section 1516 of the Code of 1906 provides: In cases not capital the court shall order the convict to stand committed, until the fine, costs and jail fees be paid.'' We cannot assume that the lawmakers intended to perpetrate a grim joke by solemnly exempting a convict of a capital felony from further imprisonment for costs after he is hanged, or after he has served his life sentence.

The legislative scheme for the collection of costs incurred in criminal prosecutions, when convicts are unable or refuse to pay, is confinement in jail, and by other statutes a method is provided whereby the fine, costs, and jail fees may be paid by labor upon county farms. We find no other method provided by the law of this state. Be that as it may, we think section 1516, *supra,* implies an intention to remit all costs in capital felonies for obviously humane reasons. A life for a life is all sufficient, whether the life is ended by the hangman's rope or the felon's cell.

We have not discussed *Ex parte Gregory,* 56 Miss. 164, and *Ex parte Meyer,* 57 Miss. 85, because neither case, in our opinion, has any application to the point involved in this case. In *Ex parte Gregory, supra,* the court merely decided that a *pardoned* convict cannot be held in confinement to compel the payment of the costs adjudged against him and, while the judge rendering the opinion says that a personal judgment for costs may be obtained against the convict, and execution levied on his property, the point is not involved in that case and,

of course, is not authoritative upon that question. In *Ex parte Meyer, supra,* the court held that Acts 1878, p. 164, section 12, which provides that convicts shall be held at labor until they pay the costs, is valid, and, further, that the statute did not contemplate the detention of prisoners for the costs of their defense, but only for those of the prosecution.

*Affirmed.*

SMITH, C. J., expressed no opinion.