CARLLEE *v.* WILLIAMS.

Opinion delivered February 16, 1914.

PROSECUTING ATTORNEYS—FEES—RIGHT TO AFTER PARDON—FORFEITED BAIL BOND.—Where a prosecuting attorney recovers judgment on a forfeited bail bond, he is entitled to his fee of 10 per cent of the

amount recovered, and a proclamation of the Governor remitting the forfeiture and relieving the bondsmen from liability does not remit the fee due the prosecuting attorney.

Appeal from Woodruff Chancery Court, Northern District; *Edward D. Robertson,* Chancellor; affirmed.

STATEMENT BY THE COURT.

On February 25, 1911, the State of Aransas recovered a judgment against appellants, who were sureties on a bail bond in the Woodruff Circuit Court for $500, and on April 3, 1911, a proclamation was issued by the Governor of the State relieving appellants from the payment of the judgment, or any part thereof. On October 4, 1911, an execution was issued for the costs due in the case in which appellants had executed the bond, and the sum of $50 was included therein as "10 per cent of the amount of judgment," and this execution was placed in the hands of the sheriff who made a return that the same had not been collected because the bondsmen, against whom the execution had been issued, had been relieved of all liability by virtue of the proclamation of the Governor to that effect. On August 27, 1912, a second execution was issued at the instance of R. J. Williams, the prosecuting attorney, for 10 per cent of the amount of the circuit court's judgment, or $50, as his fee for securing the judgment on the forfeited bail bond.

Appellants filed a petition for a temporary restraining order, and asked that further proceedings under the judgment be enjoined. A demurrer was filed to this complaint, and sustained, and appellants have appealed.

*E. M. CarlLee,* for appellants.

The proclamation of the Governor relieving the bondsmen from the payment of the judgment made its collection impossible, and since the fee is contingent upon the final collection of the judgment, appellants should prevail. 81 Ark. 33.

*S. H. Mann* and *J. W. Morrow,* for appellees.

We think the case of *Herrn* v. *Sharp County,* 81 Ark. 33, supports appellees' contention rather than that of appellant.

The Governor, by his pardon, has no power to deprive the prosecuting attorney of his rights, whether the fee be regarded as a part of the cost or as an interest in the judgment. 29 Cyc. 1567, 1568; 12 Ark. 122; 61 Ark. 17; 117 Fed. 448; 34 C. C. A. 622; 74 N. C. 98; 21 Am. Rep. 487; 2 Wharton (Pa.) 440; 76 N. Y. Supp. 224.

SMITH, J., (after stating the facts). Apellants say the proclamation of the Governor remitting the forfeiture of the bond relieved them from all liability for its payment, and they say, because this is true, the prosecuting attorney has no right to collect the per cent of it to which he would otherwise be entitled, because his fee was contingent upon the final collection of the judgment. Upon the other hand, appellee says that his fee was earned when he recovered judgment, and that the Governor's proclamation could remit only that portion of the bond in which the public was interested. Both parties cite and rely upon the case of *Herrn* v. *Sharp County,* 81 Ark. 33. The facts there were that one prosecuting attorney had recovered a judgment, which was collected during the term of office of his successor, and the question was, which of the prosecuting attorneys was entitled to the 10 per cent allowed prosecuting attorneys on forfeited bail bonds and recognizances reduced to judgments. It was there held that the prosecuting attorney who had recovered the judgment was entitled to the commission, and in so holding, the court said: "The commission on forfeited bail bonds and recognizances is allowed as compensation for services performed in obtaining the judgment on the forfeiture. For this service he is to receive $5 upon rendition of the judgment and a commission of 10 per cent upon the amount collected. The commission is earned when the judgment is rendered on condition that the amount shall be finally collected, and is payable only as the judgment is collected." The prosecuting attorney's commission is earned, and is due him, when the judgment is recovered, and the judgment in the present case was recovered some time before the issuance of the Governor's proclamation, therefore, at the time of the

issuance of the Governor's proclamation the commission of $50 for the recovery of the judgment was due the prosecuting attorney. The decision of this case therefore turns upon the question whether the Governor can remit the fees, or commissions, of an officer. We think this question was answered in the negative in the case of *Villines* v. *State*, 105 Ark. 471, and in the cases there cited. The *Villines* case, *supra*, involved the effect of a general pardon upon the costs which had accrued at the time at which the conviction was had, and the following language in the case of *Ex parte Purcell*, 61 Ark. 17, was quoted with approval: "It appears that one of the reasons why a general pardon can not exonerate the criminal from the payment of costs is that they go and belong to individuals, and not the public. Logically, then, a general pardon extends to all of the judgment that the public has an interest in, but not to that part in which individuals only are interested.

"Upon reason, then, we think a general pardon exonerates from the payment of the fine proper, because that is a public concern, and for the same reason it takes away the criminal character of the judgment for the costs—the imprisonment part—leaving the civil obligation still resting upon the delinquent, to be enforced as other obligations."

It appears, therefore, that the pardon of the Governor did not, and could not, remit any fee or commission due an individual, and the decree of the court below sustaining a demurrer to appellant's complaint is therefore affirmed.