McInturf v. State.

Opinion delivered November 14, 1927.

1. PROSECUTING ATTORNEYS—FEE ON FORFEITURE OF BAIL BOND.— Where a prosecuting attorney recovers a judgment on a forfeited bail bond, he is entitled to a fee of 10 per cent. on the amount recovered, taxable as costs, and the Governor's proclamation remitting the forfeiture and relieving the bondsmen from liability does not remit the fee due him.

2. COSTS—REMISSION BY EXECUTIVE.—While an executive may remit costs and tax fees due the State, he has no power to remit costs which belong to individuals or to court officers.

3. SHERIFFS AND CONSTABLES—COLLECTION FEE.—Where the sheriff had not collected the amount of a forfeited bond, he was not entitled to the collection fee, under Acts 1925, pp. 649-651.

Appeal from Logan Circuit Court; *James Cochran,* Judge; reversed in part.

*W. L. Kincannon,* for appellant.

*Dave Partain,* for appellee.

Wood, J. This is an appeal from the Logan Circuit Court for the Southern District, from the judgment of the court upon a motion to retax the cost accruing by reason of the forfeiture and subsequent judgment upon an appeal bond of one Frank McInturf. At the August, 1925, term of the Logan Circuit Court for the Southern District the said Frank McInturf was convicted of the crimes of possessing a still and manufacturing mash, and from the judgment of conviction he prayed and was granted an appeal to the Supreme Court of Arkansas, and, his bond being fixed in the sum of $2,000, Laura McInturf, Maggie Skinner and J. O. Kincannon duly executed and filed with the clerk of said court, on the 24th day of August, 1925, their bond in the sum of $2,000, conditioned as required by law for the appearance of said Frank McInturf. The appeal on behalf of McInturf was never perfected, and, at the regular January, 1926, term of the Logan Circuit Court for the Southern District, a forfeiture was duly taken on said bond and *scire facias* issued and served upon the defendants as bondsmen.

On the 19th day of August, 1926, the same being a day of the regular August, 1926, term of the court, the cause of the State of Arkansas versus Laura McInturf, Maggie Skinner and J. O. Kincannon came on to be heard, and said defendants failed to answer or plead, and judgment on the said bond was rendered against them, and thereafter, on the same day, the defendants filed in open court a proclamation of the Governor suspending all further proceedings upon said judgment for the collection of same, upon condition that defendants pay the court costs, and the court ordered that, upon the payment of the court costs, such proceedings be suspended.

Mrs. Laura McInturf paid $155.40, which amount, appellants claim, was all the costs incident to the prosecution of the said Frank McInturf.

On the 20th day of August, 1926, the clerk of said circuit court rendered defendants a bill—$200 to the prosecuting attorney and $100 to the sheriff as commission on said bond. The defendants, on the 23rd of August, 1926, filed this motion to retax cost, and, upon a hearing thereof, said circuit court rendered a judgment against the defendants for $313.75 ($6.75 to the clerk, which has been paid), $205 for the prosecuting attorney and $102.10 for the sheriff, from which is this appeal.

This case is ruled completely as to the prosecuting attorney's fee by the case of *CarlLee* v. *Williams,* 111 Ark. 465, 163 S. W. 1198, where we held, quoting syllabus: "Where a prosecuting attorney recovers judgment on a forfeited bail bond, he is entitled to his fee of ten per cent. of the amount recovered, and a proclamation of the Governor remitting the forfeiture and relieving the bondsmen from liability does not remit the fee due the prosecuting attorney." In the above case this court cites and quotes from former decisions of the court. It would be supererogation to repeat here what we there said. In addition to the cases there cited and quoted from, see also *Cole* v. *State,* 84 Ark. 473, 106 S. W. 673, and *Edward* v. *State,* 12 Ark. 122. In the last case we said: "Costs are neither fines nor forfeitures, nor are

they imposed by way of punishment or as amercement at common law, but by way of sequence to every judgment, whether in civil or criminal cases, as a matter of common justice to the parties complainant, witnesses and officers of the court, although the judgment is in favor of the complainant alone, costs, then, partaking in no respect of the nature either of punishment or of guilt, are without the sphere of the legitimate legal operation of a pardon, however general in its terms."

In 20 R. C. L., at page 531-532, § 12, the general doctrine is stated as follows: "While an executive may remit costs and tax fees due to the State, he has no power to remit costs which belong to private individuals or to court officers." While the Governor's proclamation was dated on August 18, 1926, it was not filed in the office of the clerk of the circuit court of Logan County until August 19, 1926. In the meantime judgment had been rendered by default on the forfeited bail bond, as shown by recitals of such judgment; therefore the costs, consisting of the fees due the prosecuting attorney and the sheriff under the law, had accrued before the Governor's proclamation was filed suspending further proceedings on the judgment. Under the doctrine of *CarlLee* v. *Williams, supra,* the trial court ruled correctly in overruling appellant's motion to retax the costs as to the prosecuting attorney and in rendering the judgment against them in the sum of $200, being the fee for the prosecuting attorney. But the court erred in not granting the motion as to the fee of the sheriff. Act 220 of the Acts of 1925, pages 649-51, provides: "The fees for the sheriffs of Arkansas shall be as follows: For collecting and paying over all fines, penalties and forfeitures, 5 per cent."

The uncontroverted facts show that the sheriff had not collected the amount of the forfeited bond. Therefore he was not entitled to any fee. He is only entitled to such fee as the statute allows him. The judgment allowing the prosecuting attorney a fee of $200 is affirmed. The judgment awarding the sheriff a fee of $100 is

reversed, and the cause as to him is remanded, with directions to the trial court to enter judgment granting the motion to retax as to the sheriff.